UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case: 21-mc-81-TSC |
| | : | |
| | : | |
| MARK K. PONDER, | : | Case No. 21-cr-259-TSC |
| | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO PRESS COALITION'S
APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's June 17, 2021, Order, directing the United States to respond to the Press Coalition's request to access unspecified videos related to the detention hearing in the above-captioned matter. The United States opposes the application here because the unspecified videos at issue have never been filed or submitted to the Court and, thus, are not "judicial records" to which any public right of access might attach.

To determine whether the common-law right of access to judicial records requires that those records be made available to the public for copying and inspection, the D.C. Circuit has consistently employed the six-factor test set out in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).[1] Applied in the general context of video exhibits admitted into evidence in cases

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

related to the January 6, 2021, breach of the U.S. Capitol, that test frequently weighs in favor of allowing public access to those exhibits.

Nevertheless, *Hubbard* is not determinative in this case, where the materials at issue are not "judicial records." In defendant Ponder's case, the United States has not moved any exhibits into evidence to date. Although undersigned counsel referenced and described various videos of defendant Ponder during the detention hearing held on March 22, 2021, those videos were not provided to the Court for review, nor were they played or admitted during the hearing. Indeed, the only "exhibits" that the United States relied on in its request for the detention of Mr. Ponder were the photographs included in the Complaint, which was incorporated by reference into the government's Detention Memorandum. (ECF 1, 11). Thus, the videos requested by the Press Coalition are not "judicial records" to which any right of public access might attach. *Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir. 1994) ("the media's right of access does not extend to information gathered through discovery that is not part of the public record[.]"); *see also, e.g.*, *United States v. Bundy*, No.: 2:16-cr-046-GMN-PAL, 2016 U.S. Dist. LEXIS 166626, at *9 (D. Nev. Nov. 30, 2016) ("[T]he U.S. Supreme Court has long held that there is no common law or First Amendment public right of access to *discovery* information, let alone any presumption of a right to access. . . . The qualified First Amendment right of access to judicial proceeding and documents simply does not extend to discovery materials."); *In re Special Proceedings*, 291 F. Supp. 2d 44, 48 (D.R.I. 2003) ("the media have a presumptive common-law right of access to judicial records but not to potential evidence possessed by the parties") (citations omitted).

As the D.C. Circuit recently explained, although "third parties may intervene in cases for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order[,]" they "may seek disclosure only of 'public records,' which, in the context of court proceedings, are called 'judicial records.'" *League of Women Voters of the U.S. v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020).   However, materials provided in discovery but never submitted to a court are not judicial records. *See, e.g.*, *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("[T]he courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers.").  As the Eleventh Circuit has explained, "documents collected during discovery are not 'judicial records.'  Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).  Thus, because the Press Coalition has no right of access to materials provided by the government in criminal discovery but never submitted to the court, there is no legal basis for its request for unspecified videos to be released to the public in this case.

The *Hubbard* analysis is inapplicable here, where the materials at issue are not "judicial records" and the United States opposes releasing unspecified videos of defendant Ponder to the Press Coalition at this time.  If exhibits are introduced in defendant Ponder's case at a future hearing, the United States would apply the *Hubbard* analysis, as well as Chief Judge Beryl A. Howell's May 14, 2021 Standing Order No. 21-28, in determining its position on release to the public.

3

## CONCLUSION

WHEREFORE, the United States opposes the Press Coalition's application because the unspecified videos at issue are not "judicial records" to which any public access might attach.

    Respectfully submitted,

    CHANNING D. PHILLIPS
    Acting United States Attorney
    D.C. Bar No. 415793

    By: /s/ *Jocelyn Bond*
    JOCELYN BOND
    Assistant United States Attorneys
    DC Bar 1008904
    555 4th Street, N.W.
    Washington, D.C. 20530
    202-809-0793
    Jocelyn.Bond@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

    /s/ *Jocelyn Bond*
    JOCELYN BOND
    Assistant United States Attorney