

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 16, 2021

Joseph Conte
400 Seventh Street, N.W., Suite 400
Washington, D.C. 20004

      Re:    *United States v. Mark Ponder*
             Case No. 21-cr-259-TSC

Dear Counsel:

I am writing to memorialize the discovery that has been provided to you in the above-captioned case to date.  **Preliminary discovery** was provided on a rolling basis beginning on May 4, 2021, and was provided via a shared USAfx folder titled **"Ponder, Mark – 21-cr-259 – Discovery."**  Please note that in an effort to provide these preliminary materials expeditiously, they were not Bates-stamped prior to providing them to you.  Materials later provided to you through the **formalized** discovery process were Bates-stamped and provided to you beginning on July 7, 2021.

On May 4, 2021, **non-sensitive** materials were provided in a USAfx subfolder labeled "Ponder – Non-Sensitive Discovery," including 45 files as listed in **Addendum A**.

On May 5, 2021, **sensitive** materials were provided in a USAfx subfolder labeled "Ponder – Sensitive Discovery," including 8 files as listed in **Addendum B**.  Please note that all materials designated as "sensitive" are subject to the protective order issued in this case on April 13, 2021.

On May 5, 2021, **Grand Jury** materials related to this case were provided in a USAfx subfolder labeled "Ponder – Grand Jury," including 8 files as listed in **Addendum C**.  Please note that all Grand Jury materials are deemed "sensitive" and are subject to the protective order issued in this case on **April 13, 2021.**

On May 6, 2021, an **open-source video** previously posted to YouTube was provided in a subfolder labeled "Ponder – Just Another Channel."  That video is listed in **Addendum D** and is

approximately 1:28:27 in length.  The video appears to capture some of Mr. Ponder's conduct on January 6, 2021.

On May 6, 2021, you were provided a **link from Evidence.com** allowing you to access **32 Body Worn Camera video files** recorded by Metropolitan Police Department Officers on January 6, 2021 on the Lower West Terrace in and around the time that defendant Ponder is believed to have been present.  The video files are listed in **Addendum E.**

On May 17, 2021, the **search warrant photos** taken during the search of the defendant's residence and a complete download of the **defendant's two cell phones** were provided to you via USAfx as described in **Addendum F.**

On July 13, 2021, the video-recorded **custodial interview** of Mr. Ponder was provided, along with a video clip of **CCTV footage** recorded in the Lower West Terrace Tunnel beginning at approximately 4:05 p.m.  **Addendum G.**

The above-listed items summarize the materials provided to you as part of the preliminary discovery process.

Beginning on July 7, 2021, you were also provided with **formalized discovery** in this case, to include **Bates-stamped materials**.  On July 7, 2021, you were provided a link to a shared USAfx folder titled "Ponder Discovery."  On that date, you were provided with Bates-stamped materials as listed in **Addendum H.**  These Bates-stamped materials include, but are not limited to: FBI serials related to the investigation of defendant Ponder, relevant video clips, Grand Jury transcripts and exhibits, arrest and search warrants, color photographs related to the search warrant and offense, indictment, video-taped custodial interview, and the cell phone extraction of one of Mr. Ponder's two phones, specifically the Black Alcatel Cellular phone.

On July 22, 2021, you were shipped a hard drive (FedEx tracking number 8162 3949 3163) containing the **cell phone extraction of the second of two cell phones** seized from Mr. Ponder, specifically, the contents of the LG Phone with the White/Blue case.  A letter containing the password required to access the contents of the hard drive was mailed simultaneously.

**Manner of Production.**  The bulk of the materials described above have been transmitted to you via USAfx.  With respect to the Bates-stamped materials contained in the USAfx folder "Ponder Discovery," please be sure to download the entire folder, including all subfolders and files contained within the subfolders exactly as it was provided to you immediately upon receipt to your own storage media.

The formalized Bates-stamped materials in the "Ponder Discover" USAfx file include the following:

• A "PDF" folder containing the discovery in searchable PDF format.

• A "NATIVE" folder of documents that cannot be converted to PDFs such as audio/video recordings. Files that could not be converted to PDF will have a "placeholder" in the "PDF" folder that references the native file. You will find the referenced file by navigating to the corresponding Bates number in the NATIVE folder.
• An index of the production, provided in both Excel and Adobe PDF formats.

If you would like this production in load files for creating a document review database (e.g., Relativity) please let me know and we will provide load files.

Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

**Technical Assistance.** CJA panel counsel and Assistant Federal Public Defenders with technical discovery questions or those who need of assistance managing the discovery in this case can contact Kelly Scribner (kelly_scribner@fd.org) with the Defender Services Office - National Litigation Support Team. While Ms. Scribner is not specifically tasked with assisting retained counsel, she is willing to talk with you about your discovery issues on a limited basis. However, the National Litigation Support Team typically cannot support retained defense counsel as the National Litigation Support Team is funded to assist CJA panel counsel and Federal Public Defender offices appointed through the CJA Act.

**Voluminous Materials.** Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, body worn camera footage, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know of any specific information that you believe is particularly relevant to your client.

**Protective Order.** This material is subject to the terms of the Protective Order issued in this case on April 13, 2021.

**Timing of Disclosures.** I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

**Reciprocal Discovery.** I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S.

255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

**Notice of Defenses.**  Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

The above information summarizes the discovery that has been provided to you to-date with respect to Mr. Ponder.  Please do not hesitate to reach out if you have questions.

Sincerely,

_____*/s/ Jocelyn Bond*_____
Jocelyn Bond
Assistant United States Attorney

Enclosure(s)
cc:\

4

**Addendum A:  Non-Sensitive Materials**
**May 4, 2021**

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.
31.
32.
33.
34.
35.
36.

37
38
39
40
41  .pdf
42
43
44
45

**Addendum B:  Sensitive Materials**
**May 5, 2021**
**(Subject to Protective Order)**

1.
2.
3.
4. 
5.
6.
7.
8.

**Addendum C:  Grand Jury Materials**
**May 5, 2021**
**(Subject to Protective Order)**

1.
2.
3.
4.
5.
6.
7.
8.

**Addendum D:  Just Another**
**Channel - May 6, 2021**

1. 

**Addendum E:  BWC Footage (Video Files)**
**May 6, 2021**

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.

11.
12.

13.
14.

15.
16.
17.

18.

19.
20.
21.
22.
23.

24.
25.
26.

27.
28.

29.
30.
31.
32.

**Addendum F:  SW Photos and Cell Phone**
**May 17, 2021**

1.
2.
3.

**Addendum G:  Custodial Interview and CCTV Footage**
**July 13, 2021**

1.
2.

**Addendum H:  Formalized Bates-Stamped Discovery**
**July 7, 2021**

1.  See attached spreadsheet titled "USA v. Ponder, Mark 21-cr-259, PonderM_Volume01"
    (5 pages)

USA v. Ponder, Mark 21-cr-259, PonderM_Volume01



USA v. Ponder, Mark 21-cr-259, PonderM_Volume01



USA v. Ponder, Mark 21-cr-259, PonderM_Volume01



USA v. Ponder, Mark 21-cr-259, PonderM_Volume01

USA v. Ponder, Mark 21-cr-259, PonderM_Volume01