# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-259-TSC |
| | : | |
| **MARK K. PONDER** | : | |
| | : | |
| Defendant. | : | Pre-Trial Conference: May 31, 2022 |

## JOINT MOTION FOR PRETRIAL SCHEDULING ORDER

The United States of America and the Defendant jointly move the Court to impose the attached order setting a pre-trial schedule in the above-captioned case. Trial in this case is currently set to begin on June 16, 2022, and the parties jointly propose the following as reasonable deadlines in which to prepare pre-trial pleadings and materials and to confer for the purpose of reaching agreement on the admissibility of exhibits, where feasible. The parties respectfully request that the Court issue the following proposed order.

                                                                   Respectfully submitted,

                                                  MATTHEW M. GRAVES
                                                  United States Attorney
                                                  D.C. Bar No. 481052

By:   */s/ Michael J. Romano*
           JOCELYN BOND
           MICHAEL ROMANO
           Assistant United States Attorneys
           D.C. Bar No. 1008904
           555 Fourth Street, N.W.
           Washington, D.C. 20530
           (202) 809-0793
           Jocelyn.Bond@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-259-TSC |
| | : | |
| **MARK K. PONDER** | : | |
| | : | |
| Defendant. | : | Pre-Trial Conference:  May 31, 2022 |

**PROPOSED ORDER**

The United States of America and the Defendant have jointly proposed a pretrial schedule in advance of the June 16, 2022, trial scheduled in the above-captioned case.  In view of the agreement on the deadlines below and the need for the parties to prepare and confer prior to trial, the Court hereby **ORDERS**:

A Pretrial Conference will be held at **11:30 a.m.** on **May 31, 2022**, via **Video Tele-Conference**.  Trial is hereby set to begin on **June 16, 2022**, at **9:30 a.m.**, in Courtroom 9.  Motions *in limine* are due **May 19, 2022**. Responses to motions *in limine* are due **June 2, 2022**; replies will not be permitted without leave of court.

Prior to the pretrial conference, counsel for the United States and counsel for the Defendant shall meet and confer for the purpose of preparing the Joint Pretrial Statement. The parties are directed to confer in good faith, and counsel for the United States shall file a Joint Pretrial Statement not later than **May 19, 2022**.  Prior to submitting the Joint Pretrial Statement, the parties must discuss and attempt to resolve all objections. **Separate Pretrial Statements will be stricken,** *sua sponte.*

Counsel for the United States must file the Joint Pretrial Statement (including proposed voir dire questions, proposed jury instructions, and proposed verdict form) electronically via ECF, and submit physical and electronic Microsoft Word courtesy copies to chambers. The Joint Pretrial Statement shall be double-spaced, in 12-point Times New Roman font, in Microsoft Word format, with margins of no less than one (1) inch. Two courtesy hard copies of the Joint Pretrial Statement (including proposed voir dire questions, proposed jury instructions, and proposed verdict form) shall be delivered to **Tim Bradley,** 202-354-3162, Courtroom Deputy, not later than **4:30 p.m.** on **May 19, 2022**, in separate three ring binders, with each section separated by labeled tab dividers. The electronic Microsoft Word copy shall be e-mailed to chambers not later than **5:00 p.m.** on **May 5, 2022. Counsel may obtain the chambers' email address from** Tim Bradley and shall refrain from using the address for any other purpose, **unless directed to do so by the court.**

**A. The Joint Pretrial Statement must include the following**:

1. **Parties and Counsel:** List names, addresses, and telephone numbers of all counsel on whose behalf the Joint Pretrial Statement is filed. List names of lead counsel who intend to try the case. List the full legal name of the Defendant.

2. **Nature of the Case:** Provide a brief and neutral statement describing the nature of the case for the Court to read to prospective jurors. This statement should be brief, clear, and non-argumentative so that it is appropriate for reading to the jury.

3. **Undisputed Issues/Stipulations:** List all issues not in dispute or facts to which the parties have stipulated.

4. **Witness Schedule:** List the name of each witness that may be called by a party, including rebuttal witnesses. Opinion witnesses shall be designated by an asterisk.

    Each party shall indicate whether any witnesses will testify through an interpreter and, if so, shall indicate in which language the witness shall testify.

5. **Exhibits:** List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable). Counsel must use the Exhibit List form found on Judge Chutkan's webpage. **Demonstrative exhibits may be, but are not required to be, submitted with the Joint Pretrial Statement and are subject to the provisions in Section B of this order.**

    No exhibit, other than demonstrative exhibits, will be admitted at trial unless it is listed on the Joint Pretrial Statement. Each listed exhibit will be presumed authentic and admissible at trial unless a written objection specifying the specific basis of the objection is made in the Joint Pretrial Statement. **If there are objections to an exhibit listed in the Joint Pretrial Statement, the exhibit shall be produced at the time the Joint Pretrial Statement is submitted. Two copies of the challenged exhibits shall be submitted to the court in separate three ring binders with appropriate tabs.** Objections that are not disclosed in the Joint Pretrial Statement, except those pursuant to Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

    The court expects most objections to exhibits to be cured by discussion between the parties, and the parties should stipulate to the admissibility of as many exhibits as possible.

    a. **Examination by Opposing Party:** Except where beyond the party's control or where otherwise impractical, each party shall make exhibits available for inspection and copying for the opposing party.

    b. **Marking:** Each party that anticipates offering more than five (5) exhibits as substantive evidence shall pre-mark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of the Court. The court will provide up to 100 labels; if a party needs more labels, that party must use labels of

  the same type as those supplied by the court. The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

  c. **Authentication of Exhibits:** Counsel requiring authentication of an opponent's exhibit must notify offering counsel in writing within 10 business days after the exhibit is identified and made available for examination. Failure to do so shall be deemed an admission of authenticity.

  d. **Exhibit Binders:** Before trial, the parties shall provide the court with two exhibit binders containing all exhibits that will be used at trial. At trial, the parties shall have an additional clean, unmarked copy of any exhibit to be shown to a witness, and an additional clean, unmarked copy for the display if the exhibit is to be admitted.

6. **Physical/Videotape Evidence:** Describe all physical and/or videotape evidence that will be used at trial, other than demonstrative exhibits. Such evidence listed in the Joint Pretrial Statement shall be deemed admissible at trial, unless an objection is made in the Joint Pretrial Statement, along with the specific basis for the objection and supporting legal authority.

7. **Pending Motions:** List all pending motions and indicate the title and filing date.

8. **Proposed voir dire questions** that indicate
   a. the voir dire questions on which the parties agree; and
   b. the voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

 The objecting party shall specifically identify the objectionable portion of the voir dire question, along with the basis of the objection and citations to supporting legal authority

9. **Proposed Jury Instructions:** List all proposed jury instructions, followed by the text of each proposed instruction, as well as the specific source and citation for the proposed instructions (e.g., Modern Federal Jury Instructions (Criminal) § 3.03: Defendant's Connection to the Conspiracy (2016)) or, for modified or new instructions, specific supporting legal authority. Any variations or alterations of standard jury instructions shall be so noted and the proposed instructions shall be formatted so that each individual instruction begins a new page. Additionally, the parties shall indicate
   a. the instructions on which the parties agree; and
   b. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any);

 The objecting party shall specifically identify the objectionable portion of the instruction, along with the basis of the objection and citations to supporting legal authority.

Attached to this Order is a list of the general jury instructions used by the court. To the extent the parties propose changes, they shall include the court's instruction, along with any proposed changes in redlined form.

10. **Verdict form: The parties shall prepare a proposed verdict form**, that includes proposed special interrogatories (if any). The proposed form shall also include a date and signature line for the jury foreperson.

    Any party that objects to the proposed verdict form shall specifically identify the objectionable portion of the form, along with the basis of the objection and citations to supporting legal authority. Objections to the verdict form shall be accompanied by a proposed alternative form.

11. **Special Matters:** The parties shall identify any special considerations for trial, such as accommodations for persons with disabilities, or any other pertinent matters about which the court should be aware.

12. **Estimated Length of Trial:** List the number of days estimated for trial and set forth any scheduling problems with witnesses.

**B. Demonstrative Exhibits:** Demonstrative Exhibits may be, but need not be, submitted with the Joint Pretrial Statement. Demonstrative Exhibits must be submitted to the Court no later than one week prior to trial, on **June 9, 2022, in a Supplement to the Joint Pretrial Statement**. The parties are directed to confer on the use and potential admissibility of Demonstrative Exhibits and to file a Supplement that comports with the requirements of Section (A)(5)(a)-(d) of this Order.

**C. Administrative Matters**

1. The court will utilize the Jury Evidence Recording System (JERS) to provide the jury with electronic access to the evidence in this case during their deliberations. The parties are directed to contact courtroom deputy Tim Bradley for more information on the use of JERS.

2. In the event of a conviction, all sentencing motions and sentencing memoranda must be filed no later than ten business days before the date of sentencing.

3. The parties shall familiarize themselves with Chief Judge Howell's Standing Order on court wide COVID-19 protocols.3 The court will issue an order prior to the pretrial conference and/or trial if additional precautions become necessary.

**SO ORDERED**

                                                           The Honorable Tanya S. Chutkan
                                                           United States District Judge